
FILED
JUL 14 2014
Clerk, U.S. District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| SWAN VIEW COALITION, FRIENDS OF THE WILD SWAN, NATIVE ECOSYSTEMS COUNCIL, and ALLIANCE FOR THE WILD ROCKIES,<br><br>Plaintiffs,<br><br>vs.<br><br>CHIP WEBER, Flathead National Forest Supervisor, FAYE KRUEGER, Regional Forester of Region One of the U.S. Forest Service, UNITED STATES FOREST SERVICE, an agency of the U.S. Department of Agriculture, and UNITED STATES FISH & WILDLIFE SERVICE, an agency of the U.S. Department of the Interior,<br><br>Defendants. | CV 13–129–M–DWM<br><br>ORDER |

On July 1, 2014, Plaintiffs filed a motion for a preliminary injunction preventing the implementation of the Glacier Loon Project ("the Project"). (Doc. 36.) On-the-ground activities for the Project are expected to commence on July

1

15, 2014. (Defs.' Resp., Doc. 39 at 9.) The Project was planned to improve the Flathead National Forest's resistance to fire and insect infestation, reduce hazardous fuels, improve water quality, decommission roads, and provide timber products. Plaintiffs challenge the Project under the Endangered Species Act ("ESA") and the National Environmental Procedure Act ("NEPA"). For the reasons discussed below, Plaintiffs' motion is denied.

In general, "[a] plaintiff seeking a preliminary injunction must establish that [it] is likely to succeed on the merits, that [it] is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [its] favor, and that an injunction is in the public interest." *Winter v. Natural Resource Defense Council*, 555 U.S. 7, 20 (2008). When the Federal government is a party, the balance of equities and public interest factors may be merged. *Drakes Bay Oyster Co. v. Jewell*, 747 F.3d 1073, 1092 (9th Cir. 2014). The likelihood of success on the merits is measured on a sliding scale, such that if a plaintiff raises "serious questions going to the merits," and can demonstrate "a balance of hardships that tips sharply towards the plaintiff," the plaintiff secures preliminary injunctive relief "so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

In ESA cases, "the balance of hardships always tips sharply in favor of the endangered or threatened species." *Wash. Toxics Coalition v. Envir. Protection Agency*, 413 F.3d 1024, 1035 (9th Cir. 2005). However, that does not mean that an injunction should be issued for every potential ESA violation. The plaintiff in an ESA case bears some evidentiary burden in asking for a preliminary injunction. The plaintiff is still obligated to show an irreparable injury to support the issuance and scope of an injunction. *Salix v. U.S. Forest Serv.*, 944 F. Supp. 2d 984, 1001 (D. Mont. 2013); *Alliance for the Wild Rockies v. Krueger*, 950 F. Supp. 2d 1196, 1202 (D. Mont. 2013). In this burden shifting approach, a plaintiff must substantiate its claim by alleging a specific irreparable harm resulting from the ESA violation. *Krueger*, 950 F. Supp. 2d at 1202. If the plaintiff cannot identify a specific harm, the Court cannot tailor an injunction to remedy the harm. *Id.* The plaintiff must allege more than an ESA violation, it must "allege that, as a result of the ESA violation, a project will jeopardize the continued existence of a specific endangered or threatened species or will destroy or adversely modify its critical habitat." *Id.* If the plaintiff alleges specific harm, the Court, at that point, presumes that harm is irreparable. *Id.* Once the plaintiff meets its burden, the burden shifts to the agency to show that the action will not jeopardize the species or destroy or adversely modify its critical habitat. *Id.* Here, Plaintiffs' fail to meet

their threshold burden of showing irreparable harm.

Although Plaintiffs challenge a specific project—distinguishing this case from that of *Salix*—Plaintiffs do not allege a specific irreparable harm resulting from any of the ESA violations contained in their Complaint. Plaintiffs allege only that their members' interests in the naturally functioning ecosystems of the area and their use and enjoyment of the environment have been harmed. (Doc. 37 at 5-6.) Such allegations provide an insufficient bases for this Court to order injunctive relief. *See Friends of the Wild Swan v. Christiansen*, 955 F. Supp. 2d 1197, 1202 (D. Mont. 2013) (denying the plaintiffs' request for injunctive relief in part due to the plaintiffs' failure to allege site-specific harms); *Sierra Forest Legacy v. Sherman*, 951 F. Supp. 2d 1100, 1111 (E.D. Cal. 2013) ("To the extent that plaintiffs are alleging injury from the harvest of trees independent of the wildlife impacts of such harvest, they have failed to show a particularizing injury to their interests rather than an abstract injury to the environment.").

Further, Defendants have presented evidence that enjoining the Project would actually result in greater harm to the environment and protected species. The Project will decommission roads, which in turn will decrease harmful erosion and sediment. V2:44619. Road decommissioning under the Project is also expected to benefit grizzlies by improving long-term habitat and removing

4

motorized use from the landscape. (Ruby Dec., Doc. 39-10 at ¶ 9.) Lynx are also expected to benefit from increased forage through the conversion of stem-exclusion habitat into snowshoe hare habitat and from the elimination of dense and dead timber that could fuel stand-replacing wildfires. (*Id.* at ¶¶ 17, 23.) The Project also addresses the fire risk in the Project area, which is very high. (Kehr Dec., Doc. 39-6, ¶¶ 8-10); *see Winters*, 555 U.S. at 23-24 (recognizing a public interest in considerations other than the environment). Defendants have also presented evidence that if the Project is enjoined and can only commence during the winter months, the resulting harm could be multiplied and restoration activities may be more difficult. (Doc. 39 at 28.)

These interests must be weighed against the possible environmental and recreational interests that are before the Court. Plaintiffs present no evidence, however, that allowing the Project to move forward will likely result in environmental harm. As discussed above, the evidence suggests the opposite. While the Court does not question the seriousness of Plaintiffs' interests, the consideration of the balance of the equities and the public interest tip in favor of the Forest Service. As a result, even assuming Plaintiffs have raised substantial questions on the merits, injunctive relief is not warranted.

Accordingly, IT IS ORDERED that Plaintiffs' motion for a preliminary

injunction (Doc. 36) is DENIED.

Dated this 14th day of July, 2014.

*signature* 14:13 P.M
Donald W. Molloy, District Judge
United States District Court